**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09470-PSG (SKx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Robert Lee Manning, Jr v. Space Explorations Technologies Corporation et al. | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff seeks to proceed in forma pauperis with a Title VII complaint alleging that Space Explorations Technologies Corporation ("SpaceX") discriminated against him by not hiring him as a "Project and Management Lead" for SpaceX because he is African American. (ECF 1 at 3, 5-6). But because Plaintiff has failed to allege administrative exhaustion, the Court has no jurisdiction to consider his complaint. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3). And even if the Court had jurisdiction, the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

First, the Court lacks jurisdiction because the complaint fails to allege that Plaintiff has exhausted administrative remedies under 42 U.S.C. § 2000e-5 before filing suit here. To exhaust administrative remedies, Plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and obtain a right-to-sue letter. *See Karim-Panahi*, 839 F.2d at 626 (citing 42 U.S.C. § 2000e−5(f)(1)). "Failure to observe these requirements renders a suit subject to dismissal in the absence of any equitable consideration to the contrary." *Id.* While Plaintiff attached a notice from California's Department of Fair Employment & Housing showing that his charge has also been filed with the EEOC (ECF 1 at 10), nowhere does that notice or anything alleged in the complaint show that Plaintiff received a right-to-sue letter from the EEOC. Until Plaintiff receives that letter, the Court lacks jurisdiction over his complaint. *See Karim-Panahi*, 839 F.2d at 626 (affirming dismissal of Title VII complaint lacking right-to-sue letter); *Mitchell v. Akal Sec., Inc.*, 358 F. App'x 932, 932 (9th Cir. 2009) ("The district court properly dismissed the Title VII claims because Mitchell did not plead or argue that she exhausted her administrative remedies under Title VII."); *Luevano v. Dawoodbhai*, 2018 WL 2315954, at *5 (C.D. Cal. May 18, 2018) (same).

Second, even if Plaintiff has received a right-to-sue letter, his allegations still fail to state a Title VII claim on which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Plaintiff must allege "enough facts to state a claim to relief that is plausible on its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09470-PSG (SKx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Robert Lee Manning, Jr v. Space Explorations Technologies Corporation et al. | | |

face."). To state a claim for discrimination based on failure to hire, Plaintiff must allege "(1) that he belongs to a racial minority; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek applicants." *Norris v. City & County of San Francisco*, 900 F.2d 1326, 1329 (9th Cir. 1990). Nothing in Plaintiff's complaint (including the attached incomplete resume), however, alleges facts plausibly suggesting that he is qualified to be a SpaceX "Project and Management Lead." Indeed, the complaint says nothing about that position's requirements, so it is impossible to know whether Plaintiff has even properly alleged that he is qualified to meet those—yet unknown—requirements. But that is an essential element of a Title VII discrimination claim for failure to hire. *See Morita v. S. California Permanente Med. Grp.*, 541 F.2d 217, 219 (9th Cir. 1976); *Slaughter-Payne v. Nicholson*, 2007 WL 9658013, at *3 (D. Ariz. Mar. 21, 2007). Plaintiff has also alleged no facts showing that the SpaceX position remained open after he applied, and that SpaceX continued to seek applicants after rejecting him. Even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

For these reasons, Plaintiff is ORDERED TO SHOW CAUSE on or before **December 7, 2019**, why his in forma pauperis application should not be denied and this action dismissed because of the deficiencies outlined above. To discharge this order, Plaintiff must do **one** of the following:

(1) File a First Amended Complaint ("FAC") curing all the deficiencies described in this order. *See Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015). The FAC must be complete in itself, as it will supersede the original complaint entirely.

(2) File a Response stating that Plaintiff wants to stand on the original complaint as alleged with reasons explaining why the complaint is not deficient as described in this order.

(3) File a Voluntary Dismissal WITHOUT PREJUDICE using the attached form CV-09, if Plaintiff cannot yet cure the deficiencies described in this order.

If Plaintiff fails to take one of these actions by **December 7, 2019**, this action may be dismissed involuntarily in its entirety for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. If Plaintiff files either an amended complaint that does *not* cure the deficiencies described in this order or an inadequate response to the reasoning and conclusion of this order, the Court will recommend that Plaintiff's in forma pauperis application be denied and the complaint dismissed *without leave to amend*.

**IT IS SO ORDERED.**